

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 10, 1947

Honorable Paul H. Brown
Secretary of State
Austin, Texas

Opinion No. V-81

Re: Whether certain
foreign securities
"registered" with
the Securities and
Exchange Commission
of the United States
are "on the list ap-
proved by the Securi-
ties and Exchange
Commission", as con-
templated by subdivi-
sion (b) of Sec. 23,
of the Texas Securi-
ties Act, and there-
fore exempt from the
provisions of the Act.

Dear Sir:

You request advice as follows:

"Subdivision (b) of Section 23 of the
Texas Securities Act, under exemptions, pro-
vides as follows:

" 'Any security issued or guaranteed by
any foreign government with which the United
States is at the time of the sale, or offer
of sale thereof, maintaining diplomatic re-
lations, or by any State, province or poli-
tical subdivision thereof having the power
of taxation or assessment, which security is
recognized at the time it is offered for sale
in this State as valid obligation by such
foreign government or by such State, province,
or political subdivision thereof issuing the
same, provided however, that such securities
must be on the list approved by the Securities
and Exchange Commission of the United States.'

"We have had several requests for informa-
tion in regard to possible exemptions under

this provision. The trouble seems to be that the Securities and Exchange Commission does not approve an issue but simply registers the same. It would appear that the Legislature had in mind an actual approval by this Commission before an exemption could be claimed. In the registration of these issues by the Securities and Exchange Commission they always state that this should not be considered as an approval.

"The question is, shall we consider a security, which meets all other requirements of this exemption as exempt when the same is simply registered with the Securities and Exchange Commission and not approved."

The authority and duties of the Securities and Exchange Commission as they pertain to the type of securities inquired about are set out in Title 15, Chapter 2A of the United States Code Annotated. As we construe the provisions of Chapter 2A, the Commission has no authority or duty to "approve" any of the securities inquired about. We have also directed an inquiry to the Chief Counsel, Corporations Finance Division, Securities and Exchange Commission, requesting confirmation of our construction of the Federal Act. The reply received by this office is to the effect that the Commission does not and has not approved, nor has it been authorized to approve any such securities since the creation of the Commission.

The only authority granted the Commission by Federal law, in this connection, is to allow securities to be "registered" upon application by the issuer after submission by the issuer of extensive data disclosing matters of interest to investors as required by the Act. Apparently, the only decision required of the Commission is a determination that the application contains the data required by law. No authority or duty is placed upon the Commission by the Federal act to pass upon the investment merits of the securities so "registered", nor upon whether or not the securities have investment value.

On the other hand, the Texas Securities Act, which is published as Art. 600a of Vernon's Civil Statutes of Texas, contemplates a determination by the Secretary of

State that "the plan of business of the applicant appears to be fair, just and equitable, and that the securities which it proposes to issue and the method to be used by it in issuing and disposing of the same are not such as will work a fraud upon the purchasers thereof." This determination is made in the form of a "finding". Without a permit, the sale of such securities is unlawful. The issuance of the permit contemplated depends upon a favorable "finding". See Sections 8 and 9 of the Securities Act.

It will be noted that the word "approved" is also used in paragraph (f) of Sec. 23 of Art. 600a, which exempts securities listed on recognized and responsible stock exchanges, which exchanges have been "approved" by the Secretary of State. Such approval under paragraph (f) is conditioned that the exchanges supply to the Secretary of State facts and data which "shall be found to establish:

"* * *

"(2) That the governing constitution, by-laws, and/or regulations of such exchanges shall require:

"* * *

"3rd. Securities listed and traded in on such exchange to be restricted to those of ascertained, sound asset and/or income value."

Thus, consistent with the scheme of the Act, the "approval" under paragraph (f) contemplates more than a mere disclosure of true facts as a condition precedent to engaging in the issuance and sale of securities in Texas. As a safeguard to the investor, it contemplates that qualifications be imposed on the issuer tending to guarantee value. And "approval" appears to mean that the Secretary of State has ascertained that the safeguards exist.

It thus appears that "approval" as used in the Texas Securities Act means more than "registration" under the Federal Act, and no reason appears to construe "registration" to mean the same thing as "approval" or to hold that a list of registered securities is

a "list approved" by the Commission within the meaning of subdivision (b) of Sec. 23 of the Texas Securities Act.

Since the Securities and Exchange Commission could have been given powers by Congress of a nature leading to an approval substantially similar to that contemplated by the Texas Act, and since such may yet be done by Congress at its pleasure, it is our opinion that the exemption contained in paragraph (b) of Section 23 of the Texas Securities Act is and will remain inoperative until actual approval by the Securities and Exchange Commission of such securities is authorized or required by Congressional enactment.

## SUMMARY

Certain foreign securities "registered" with the Securities and Exchange Commission of the United States are not "on the list approved by the Securities and Exchange Commission" as contemplated by the exemption contained in subdivision (b) of Section 23 of the Texas Securities Act. (Art. 600a, V.C.S.)

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ned McDaniel
Assistant

NM:rt;djm

APPROVED March 10, 1947

ATTORNEY GENERAL